

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-97,185-01

### EX PARTE RAMIRO MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1256679-A IN THE 182ND DISTRICT COURT HARRIS COUNTY

*Per curiam*. SCHENCK, P.J., filed a concurring opinion.

### OPINION

Applicant was convicted of capital murder and sentenced to life imprisonment without the possibility of parole in October 2011. The First Court of Appeals affirmed his conviction. *Martinez v. State*, No. 01-11-00902-CR (Tex. App.—Houston [1st Dist.] Feb. 28, 2013). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his sentence of automatic life without parole violates the Eighth Amendment of the U.S. Constitution because he was a juvenile at the time of the offense. *Miller v. Alabama*, 567 U.S. 460 (2012). This Court held in *Ex parte Maxwell* that *Miller* applies retroactively in Texas. *Ex parte Maxwell*, 424 S.W.3d 66 (Tex. Crim. App. 2014).

Applicant was sixteen years old at the time of the offense. After being found guilty by a jury, he was automatically sentenced to life in prison without the possibility of parole under the law at the time. TEX. PENAL CODE §12.31(a)(2007). The current version of Penal Code section 12.31 requires that a person who commits a capital felony be sentenced to "life, if the individual committed the offense when younger than 18 years of age." TEX. PENAL CODE §12.31(a)(1)(2013). The savings clause for the 2013 amendment provides that the change in law "applies to a criminal action pending, on appeal, or commenced on or after the effective date of this Act, regardless of whether the criminal action is based on an offense committed before, on, or after that date." Acts 2013, 83rd Leg., 2nd C.S., ch. 2 (S.B. 2), § 3(1). Applicant's appeal was still pending when the current statute became effective. Consequently, under the savings clause, Applicant is entitled to have his sentence reformed to "life."

Relief is granted. The sentence in Cause No. 1256679-A in the 182nd District Court of Harris County is reformed to life with parole.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 12, 2026
Do not publish